UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **ALLSTATE INSURANCE COMPANY, et al.,** *Plaintiffs* | § § § § |
| v. | §  No. 1-24-CV-00027-DII § |
| **DANIEL TOSHNER, LACEY DAVIES, et al.,** *Defendants* | § § § § |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   UNITED STATES DISTRICT JUDGE

Before the Court is Defendants Daniel Toshner, Lacey Davies, Michael Trinh, Roadside Response, LLC, and Responsible Billing, LLC's (together, "Defendants") motion to transfer venue to the Western District of Washington, Dkt. 28, and all related briefing. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge deny the motion.

### I.   BACKGROUND

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate County Mutual Insurance Company (together, "Allstate") initiated this lawsuit to seek redress for losses incurred due to an alleged insurance fraud scheme. Dkt. 1. According to Allstate's complaint, Defendants submitted false reimbursement claims for hazardous material cleanups that were never actually

1

performed, were unnecessary, or did not involve an Allstate insured. *Id.* at 18-75. Allstate paid at least $630,649.10 in insurance benefits to Defendants based on the allegedly fraudulent enterprise. *Id.* at 4, 75. Through this lawsuit, Allstate brings claims against Defendants for: (1) violations of the federal Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1961, *et seq.*; (2) common-law fraud (under Texas, Florida, Ohio, and North Carolina law); (3) civil conspiracy (under Texas and Florida law); (4) violations of state RICO statutes (under Florida, Ohio, and North Carolina law); and (5) unjust enrichment (under Texas, Florida, and Ohio law). *Id.* at 75-114.

Defendants moved to transfer this case to the Western District of Washington because the two corporate defendants have their principal places of business in Seattle. Dkt. 28, at 5. Allstate opposes the motion, arguing that Texas is "the most relevant state to the action." Dkt. 29, at 1-2. Defendants filed a reply, Dkt. 30, and Allstate moved to file a sur-reply, Dkt. 31, which the undersigned will address below.

## II. LEGAL STANDARD

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A party seeking a transfer under section 1404(a) "must show good cause" by "clearly demonstrating that a transfer is for the convenience of parties and witnesses, in the interest of justice." *Def. Distributed v. Bruck*, 30 F.4th 414, 433 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545

F.3d 304, 315 (5th Cir. 2008) ("*Volkswagen II*")). "When the transferee venue is not clearly more convenient than the venue chosen by the Plaintiff, the Plaintiff's choice should be respected." *Id.*

The 1404(a) analysis begins with an assessment of whether the case "might have been brought" in the destination venue. 28 U.S.C. § 1404(a); *see also In re Volkswagen AG*, 371 F.3d 201, 203 (5th Cir. 2004) ("*Volkswagen I*"). If so, the Court next evaluates "'all relevant factors to determine whether or not on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum.'" *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (quoting 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3847 (4th ed. 1986)). The relevant factors include matters of both private and public interest, with "some weight" given to the plaintiff's choice of forum. *Volkswagen I*, 371 F.3d at 203; *see also Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 63 n.6 (2013) ("The Court must also give some weight to the plaintiffs' choice of forum.").

The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure witnesses' attendance; (3) the willing witnesses' cost of attendance; and (4) all other practical problems that make the case's trial easy, expeditious, and inexpensive. *Volkswagen I*, 371 F.3d at 203 (citing *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having local issues decided at home; (3) the forum's

3

familiarity with the governing law; and (4) the avoidance of unnecessary conflict-of-law problems involving the application of foreign law. *Id.* No single factor is dispositive. *Id.*

### III. DISCUSSION

The undersigned's analysis begins and ends with the threshold statutory requirement that this case "might have been brought" in the proposed destination venue. 28 U.S.C. § 1404(a). Defendants contend that this lawsuit could have been brought in the Western District of Washington because the two corporate defendants maintain their principal places of business in Seattle. Dkt. 28, at 5-6; 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). While it appears to be undisputed that Roadside Response, LLC, and Responsible Billing, LLC, the two corporate defendants in this case, reside in Washington for venue purposes, Defendants do not explain how the Western District of Washington would have been a proper venue for this lawsuit given that not all the defendants reside there. Dkts. 1, at 9, 11; 28, at 5-6; 28 U.S.C. §§ 1391(b)(1), (c)(2).

Under section 1391, venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). Here, not all the defendants are residents of Washington since, according to Allstate's complaint, Toshner and Davies are residents of California. Dkt. 1, at 6-7. Defendants admitted in their answer that

4

Toshner and Davies are residents and citizens of California, and even attached a declaration to their motion to transfer in which Toshner confirms that only "some" of the defendants reside in Washington. *See* Dkts. 17, at 3; 28-2, at 1-2; 28 U.S.C. § 1391(c)(1) ("[A] natural person … shall be deemed to reside in the judicial district in which that person is domiciled[.]"). Under the plain text of section 1391, then, the Western District of Washington would not have been a proper venue for this lawsuit at the time of its filing—even if Defendants' argument implies that they would waive any challenges to venue there. *Hoffman v. Blaski*, 363 U.S. 335, 343-44 (1960) ("[T]he power of a District Court under s[ection]1404(a) to transfer an action to another district is made to depend not upon the wish or waiver of the defendant but, rather, upon whether the transferee district was one in which the action 'might have been brought' by the plaintiff.").

Defendants did not argue that venue would have been proper in the Western District of Washington under any other provision of section 1391 and have thus failed to satisfy their threshold burden of showing that this case "might have been brought" there. *Seagen Inc. v. Daiichi Sankyo Co.*, 546 F. Supp. 3d 515, 529 (E.D. Tex. 2021) ("It is always incumbent on the movant to establish that a case could have been initially brought in the transferee forum." (citation omitted)); *Capella Photonics, Inc. v. Infinera Corp.*, No. 2:20-CV-00077-JRG, 2021 WL 518478, at *1 (E.D. Tex. Feb. 10, 2021) ("The question of whether a suit 'might have been brought' in the transferee forum encompasses subject matter jurisdiction, personal jurisdiction, and propriety of venue …. Only if this statutory requirement is met should the Court determine

whether convenience warrants a transfer of the case."). Accordingly, Defendants' motion to transfer venue should be denied.[1]

## IV.     RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **DENY** Defendants' motion to transfer, Dkt. 28.

## V.     WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

---

[1] Because Allstate's proposed sur-reply was unnecessary to the resolution of Defendants' motion to transfer, Allstate's motion to file a sur-reply, Dkt. 31, is **DENIED AS MOOT**.

SIGNED October 28, 2024.

_____
DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE