IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | § § § § | |
| Plaintiffs, | | |
| v. | § § § § § § | 1:24-CV-27-RP |
| DANIEL TOSHNER, et al., | | |
| Defendants. | | |

# **ORDER**

Before the Court is the report and recommendation from United States Magistrate Judge Dustin Howell concerning Defendant Daniel Toshner's ("Toshner") motion to set aside the entry of default entered against him, (Dkt. 60). (R. & R., Dkt. 65). Pursuant to 28 U.S.C. § 636(b) and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Judge Howell issued his report and recommendation on May 13, 2025, and it was filed onto the docket the following day. (*Id.*). Plaintiffs filed a certificate of service indicating that they sent the report and recommendation to all Defendants via USPS Overnight Mail and to Toshner specifically via email. (Dkt. 66). It further appears that Toshner received the report and recommendation by mail on May 23, 2025. (Dkt. 68). As of the date of this order, no party has filed objections to the report and recommendation.

Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property and Casualty Insurance Company, Allstate Fire and Casualty Insurance Company, and Allstate County Mutual Insurance Company (collectively, "Plaintiffs") filed this suit on January 9, 2024, seeking redress for losses incurred due to an alleged insurance fraud scheme. (Dkt. 1). Plaintiffs allege that Defendants Toshner, Lacey Davies, Michael Trinh, Roadside Response, LLC, and Responsible Billing, LLC's (collectively, "Defendants") submitted false reimbursement claims for hazardous

1

material cleanups that were never actually performed, were unnecessary, or did not involve an Allstate insured. (*Id.*). The Court entered a scheduling order in the case on May 16, 2024. (Dkt. 24).

Although Defendants initially appeared in this lawsuit, (Dkt. 17), their counsel later moved to withdraw from his representation of Defendants, (Dkt. 33). The Court granted counsel's motion to withdraw and ordered Defendants to retain new counsel by a specific deadline, noting that while Defendants Toshner, Davies, and Trinh could represent themselves *pro se*, the corporate defendants could not. (Dkt. 46). In that same order, the Court granted Plaintiffs' motion to compel discovery responses from Defendants, (Dkt. 36), and afforded Defendants 60 days to respond to the at-issue discovery requests, (Dkt. 46). At Defendants' request, (Dkt. 50), the Court extended their deadline to retain new counsel by 30 days, (Dkt. 53). When Defendants again did not retain counsel or comply with their discovery obligations by the deadline, the Court ordered Defendants to show cause for their failure to comply with this Court's orders regarding their retention of counsel and compliance with Plaintiffs' discovery requests. (Dkt. 57).

After Defendants did not respond to the Court's show cause order, Plaintiffs moved for entry of default against Defendants, (Dkts. 49, 59), which the Clerk of Court entered, (Dkt. 63). Toshner, proceeding *pro se*, then filed the instant motion to set aside the default entered against him. (Dkt. 60). In his report and recommendation, Judge Howell recommends that this Court deny Toshner's motion because he finds that Toshner's repeated failure to comply with this Court's orders to be willful. (R. & R., Dkt. 65). Toshner—nor any other party—has filed objections to the report and recommendation.

Pursuant to 28 U.S.C. § 636(b), a party may serve and file specific, written objections to a magistrate judge's proposed findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure de novo review by the district court. When no objections are timely filed, a district court can review the magistrate's report

2

and recommendation for clear error. *See* Fed. R. Civ. P. 72 advisory committee's note ("When no timely objection is filed, the [district] court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because no party has filed timely objections, the Court reviews the report and recommendation for clear error. Having done so and finding no clear error, the Court accepts and adopts the report and recommendation as its own order. The Court will deny Toshner's motion to set aside the default entered against him.

Further, now that the Clerk of the Court has entered default against all Defendants, the next step in this litigation is for Plaintiffs to move for default judgment against Defendants. Federal Rule of Civil Procedure 55 governs the entry of default judgment. "Default under Rule 55 is a two-step process: (1) the entry of default and (2) the subsequent entry of a default judgment." *Can Capital Asset Servicing, Inc. v. Huerta, Jr.*, No. SA-15-CV-1049-XR, 2016 WL 8223267, at *1 (W.D. Tex. Mar. 31, 2016) (citing Fed. R. Civ. P. 55). "An *entry of default* is what the clerk enters when the default is established by affidavit or otherwise. After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment.*" *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) (emphasis in original). Plaintiffs have received an entry of default as to all Defendants. (Dkt. 63). Plaintiffs have yet to complete the second step in the process by moving for default judgment. Fed. R. Civ. P. 55(b). Under the Court's Local Rules, the Court may order Plaintiffs to take this second, necessary step. *See* W.D. Tex. Loc. R. CV-55 ("If a defendant is in default, the court may require the plaintiff to move for entry of a default and a default judgment. If the plaintiff fails to do so within the prescribed time, the court may dismiss the action, without prejudice, as to the defendant.").

Accordingly, the Court **ORDERS** that the Report and Recommendation of the United States Magistrate Judge, (Dkt. 65), is **ADOPTED**.

**IT IS FURTHER ORDERED** that Toshner's motion to set aside the entry of default against him, (Dkt. 60), is **DENIED**.

**IT IS FINALLY ORDERED** that Plaintiffs move for default judgment against Defendants on or before **July 30, 2025**.

**SIGNED** on July 9, 2025.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE