IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:24-CV-27-RP |
| | § | |
| DANIEL TOSHNER, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER**

Before the Court are the following motions filed by Defendant Michael Trinh ("Trinh"): Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 86); Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 86)[1]; and Motion to Stay, (Dkt. 86)[2]. Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Allstate County Mutual Insurance Company (together, "Allstate"), filed an opposition to each motion. (Dkt. 92). Having considered the briefs, the record, and the relevant law, the Court issues the following order.

**I. LEGAL STANDARDS**

To proceed *in forma pauperis* on appeal, Trinh must satisfy the requirements of Federal Rule of Appellate Procedure 24(a)(1), which requires that the movant "file a motion in the district court" and "attach an affidavit that":

(A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

---

[1] In Dkt. 89 of this matter, Trinh filed the same Motion to Proceed *in forma pauperis* on Appeal as in pp. 4-5 of his filing in Dkt. 86. In Dkt. 86, Trinh includes a Financial Affidavit in support of his Motion to Proceed *in forma pauperis* on Appeal within the filing, on pp. 6–8. In Dkt. 90 of this matter, Trinh files the same Financial Affidavit, in support of Dkt. 89. The Court will consider Trinh's motion in Dkt. 86 only and deem his motion in Dkt. 89 moot.

[2] In Dkt. 87 of this matter, Trinh filed a portion of the same Motion to Stay Enforcement of Judgment Pending Appeal as in pp. 9–10 of his filing in Dkt. 86. Given that the version of this motion in Dkt. 86 is more complete, (*see* Mot. Stay Enforcement, Dkt. 86, at 9–10), the Court will consider Trinh's motion in Dkt. 86 only and deem his motion in Dkt. 87 moot.

(B) claims an entitlement to redress; and

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. (a)(1). "A movant seeking leave to proceed [*in forma pauperis*] on appeal must show that he is financially unable to bear the costs of the appeal and that the appeal is taken in good faith." *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011). As a component of showing that the appeal is taken in good faith, the movant must show that the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *Bell v. Children's Protective Servs.*, 506 F. App'x 327 (5th Cir. 2013) (citing *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983)).

Trinh brings his Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 86), pursuant to Federal Rule of Civil Procedure 62(b). Pursuant to Rule 62(b), a party may, at any time after a judgment is entered, obtain a stay by providing a bond or other security. A party appealing a money judgment is entitled to an automatic stay upon posting a supersedeas bond. *See Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). The purpose of such a bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal," and to secure the "prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The movant may seek to waive the supersedeas bond by demonstrating that payment would pose an undue financial burden; however, "[c]onclusory and self-serving evidence produced by the judgment debtor is insufficient to satisfy the judgment debtor's burden to objectively demonstrate an undue financial burden." *Preston Wood & Assocs., LLC v. Cameron Architects, Inc.*, No. CV H-16-1427, 2019 WL 2904297, at *2 (S.D. Tex. Apr. 26, 2019).

## II. DISCUSSION

### A. Motion to Proceed *in forma pauperis* on Appeal

In support of his Motion to Proceed *in forma pauperis* on Appeal, Trinh claims that he is "unable to pay the appellate filing fee due to limited income, limited assets, and ongoing financial

hardship." (Mot., Dkt. 86, at 4). Trinh attaches a financial affidavit to the motion. (*Id.* at 6–10). Trinh also provides additional details on his financial status in reply to Allstate's opposition to his motions. (Dkt. 93) Allstate responds that "Trinh has offered nothing more than conclusory and self-serving statements as to his financial condition and the issues he seeks to appeal, which cannot adequately support a reduced bond or a waiver of the appellate fee." (Resp., Dkt. 92, at 1).

"[O]ne need not be absolutely destitute to qualify for *in forma pauperis* status. . . . Such a benefit is available when one cannot pay or give security for such costs and still be able to provide himself and his dependents with the necessities of life." *Ryan v. Ramsey*, 936 F.Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)). The district court maintains the discretion to grant or deny a motion to proceed *in forma pauperis. Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982).

Given the evidence in the record, the Court finds that Trinh does not meet this standard. Trinh's representations about his financial status do not indicate that paying the appellate filing fee would prevent him from providing himself and his dependents with the necessities of life, especially given his assets, including a home worth $900,000 and two vehicles each worth approximately $20,000; his high monthly expenses; his spouse's employment, and his current gainful employment. (Mot., Dkt. 86, at 6–10; Reply, Dkt. 93, at 6–7). *See Ryan*, 936 F.Supp. at 425 (S.D. Tex. 1996). In his reply to Allstate's opposition to his motions, Trinh provides a "Statement of Issues on Appeal." (Reply, Dkt. 93, at 8). These issues seemingly "involve legal points arguable on their merits" i.e., potentially non-frivolous claims—however, because Trinh does not demonstrate that he is financially unable to bear the costs of the appeal," the Court must still deny his Motion to Proceed *in forma pauperis* on Appeal. *See Perkins*, 424 F. App'x at 329.

### B. Motion to Stay Enforcement of Judgment Pending Appeal

Pursuant to Federal Rule of Civil Procedure 62(b), Trinh moves for a stay of enforcement of this Court's final judgment entered February 2, 2026, pending resolution of his appeal to the Fifth Circuit Court of Appeals. (Mot., Dkt. 86, at 9). Trinh requests that "the Court exercise its discretion to stay enforcement of the judgement without requiring a full bond, or in the alternative, to set a reduced bond or alternative security appropriate to [Trinh's] financial circumstances." (*Id.*). Trinh claims that "[c]ourts have discretion to waive or reduce the bond requirement where the judgment debtor is an individual of limited means and where requiring a full bond would effectively deny access to appellate review" and that a stay is necessary to "prevent irreparable harm, including wage garnishment, bank levies, and other collection actions" which he contends would occur before the Fifth Circuit could fully consider his appeal. (*Id.* at 10). Allstate responds that Trinh has not met his burden for establishing entitlement to a stay of enforcement nor a reduced or waived supersedeas bond. (Resp., Dkt. 92, at 1).

The supersedeas bond requirement is the baseline for entitlement to a stay under Rule 62(b); a court may only depart from the bond requirement in limited circumstances, and the moving party bears the burden of objectively demonstrating that such circumstances exist to justify a departure from the bond requirement. *See Poplar Grove*, 600 F.2d at 1191. The Fifth Circuit has recognized two situations which would merit an exception to the requirement that a judgment debtor post a full supersedeas bond:

> (1) Where "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal;" or,

> (2) Where "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden" on the debtor, and where the court could "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor."

*Poplar Grove*, 600 F.2d at 1191.

The Court agrees finds that Trinh's motion does not demonstrate the extraordinary circumstances necessary to justify a departure from the supersedeas bond requirement. (*See* Mot., Dkt. 86, at 9–10). Trinh states only that he "is an individual with limited financial resources and is unable to post a full supersedeas bond," (*id.* at 9), and points to the financial affidavit he created to support his Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 86), as evidence that he cannot post a $1.8 million bond. (Reply, Dkt. 93, at 2–3). Trinh's assertions fit into the category of the "conclusory and self-serving evidence" which does not warrant the extraordinary circumstances necessary to waive the bond requirement. *Preston Wood & Assocs., LLC*, 2019 WL 2904297 at *2. And, Trinh has not "presented a proposal for modifying the typical bond requirement that provides adequate security to the judgment creditors in this case." *GIC Servs., LLC v. Freightplus (USA), Inc.*, No. CIV.A. 13-6781, 2015 WL 6605442, at *2 (E.D. La. Oct. 28, 2015). As such, Trinh has failed to meet his burden of showing a basis for the Court to depart from the usual requirement to post a bond for the full amount of the judgment in this case.

## III. CONCLUSION

Accordingly, **IT IS ORDERED** that Trinh's Motion to Stay Enforcement of Judgment Pending Appeal and Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 86), are **DENIED**. **IT IS FURTHER ORDERED** that Trinh's Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 87), and Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 89), are duplicative and therefore **MOOT**.

**SIGNED** on March 11, 2026.

_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

5