IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ALLSTATE INSURANCE COMPANY, et al., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | 1:24-CV-27-RP |
| | § | |
| DANIEL TOSHNER, et al., | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are the following motions: Defendant Daniel Toshner's ("Toshner") Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 94); Toshner's Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 94)[1]; Defendant Lacey Davies's ("Davies") Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 97); and Davies's Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 98). Plaintiffs Allstate Insurance Company, Allstate Indemnity Company, Allstate Property & Casualty Insurance Company, Allstate Fire & Casualty Insurance Company, and Allstate County Mutual Insurance Company (together, "Allstate") filed oppositions to each motion. (Dkts. 99 (Resp. Toshner Mots.), 101 (Resp. Davies Mots.)). Having considered the briefs, the record, and the relevant law, the Court issues the following order.

## I. LEGAL STANDARDS

To proceed *in forma pauperis* on appeal, Toshner and Davies must each satisfy the requirements of Federal Rule of Appellate Procedure 24(a)(1), which requires that the movant "file a motion in the district court" and "attach an affidavit that":

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and

---

[1] Toshner filed both Motions within his Notice of Appeal of Final Judgment, (Dkt. 94).

(C) states the issues that the party intends to present on appeal.

Fed. R. App. P. (a)(1). "A movant seeking leave to proceed [*in forma pauperis*] on appeal must show that he is financially unable to bear the costs of the appeal and that the appeal is taken in good faith." *United States v. Perkins*, 424 F. App'x 328, 329 (5th Cir. 2011). As a component of showing that the appeal is taken in good faith, the movant must show that the appeal "involves legal points arguable on their merits (and therefore [are] not frivolous)." *Bell v. Children's Protective Servs.*, 506 F. App'x 327, 327 (5th Cir. 2013) (citing *Howard v. King,* 707 F.2d 215, 220 (5th Cir. 1983)).

Toshner and Davies bring their Motions to Stay Enforcement of Judgment Pending Appeal, (Dkts. 94, 98), pursuant to Federal Rule of Civil Procedure 62(b). Pursuant to Rule 62(b), a party may, at any time after a judgment is entered, obtain a stay by providing a bond or other security. A party appealing a money judgment is entitled to an automatic stay upon posting a supersedeas bond. *See Hebert v. Exxon Corp.*, 953 F.2d 936, 938 (5th Cir. 1992). The purpose of such a bond is to "preserve the status quo while protecting the non-appealing party's rights pending appeal," and to secure the "prevailing party against any loss sustained as a result of being forced to forgo execution on a judgment during the course of an ineffectual appeal." *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1190–91 (5th Cir. 1979). The movant may seek to waive the supersedeas bond by demonstrating that payment would pose an undue financial burden; however, "[c]onclusory and self-serving evidence produced by the judgment debtor is insufficient to satisfy the judgment debtor's burden to objectively demonstrate an undue financial burden." *Preston Wood & Assocs., LLC v. Cameron Architects, Inc.*, No. CV H-16-1427, 2019 WL 2904297, at *2 (S.D. Tex. Apr. 26, 2019).

## II. DISCUSSION

### A. Motions to Proceed *in forma pauperis* on Appeal

In support of his Motion to Proceed *in forma pauperis* ("IFP") on Appeal, Toshner claims that he "lacks the financial ability to pay the appellate filing fee while meeting basic living expenses and financial obligations." (Toshner IFP Mot., Dkt. 94, at 4). Toshner attaches a financial affidavit to his motion. (*Id.* at 5–6). In support of her Motion to Proceed *in forma pauperis* ("IFP") on Appeal, Davies claims that she "is unable to pay the appellate filing fee due to limited income, limited assets, and ongoing financial hardship."[2] (Davies IFP Mot., Dkt. 97, at 1). Davies also attaches a financial affidavit to her motion. (*Id.* at 3–5). Both Toshner and Davies claim that their motions are made in good faith and do not raise frivolous issues. (Toshner IFP Mot., Dkt. 94, at 4; Davies IFP Mot., Dkt. 97, at 1).

"[O]ne need not be absolutely destitute to qualify for *in forma pauperis* status. . . . Such a benefit is available when one cannot pay or give security for such costs and still be able to provide himself and his dependents with the necessities of life." *Ryan v. Ramsey*, 936 F. Supp. 417, 425 (S.D. Tex. 1996) (citing *Adkins v. E.I. DuPont De Nemours & Co., Inc.,* 335 U.S. 331, 339 (1948)). The district court maintains the discretion to grant or deny a motion to proceed *in forma pauperis. Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982).

Given the evidence in the record, the Court finds that Toshner does not meet this standard. Toshner's representations about his financial status do not indicate that paying the appellate filing fee would prevent him from providing himself and his dependents with the necessities of life, especially given his assets, including a home worth $1,800,000; his "other" income of over $17,000;

---

[2] The Court notes that Davies appears to use the same motion to proceed *in forma pauperis* that Defendant Michael Trinh submitted to the Court, and while Davies includes her information in the signature block, the introduction to her motion states "Defendant Michael Trinh respectfully moves for . . . ." (Davies IFP Mot., Dkt. 97, at 1–2).

his bank account balances of over $20,000; and his high monthly expenses. (Toshner IFP Mot., Dkt. 94, at 5–6). *See Ryan*, 936 F. Supp. at 425 (S.D. Tex. 1996). Toshner claims that his appeal is "taken in good faith and raises issues that are not frivolous," but this conclusory allegation does not satisfy Toshner's obligation to show that the appeal "involves legal points arguable on their merits (and therefore not frivolous)." *See Bell*, 506 F. App'x at 327 (citing *Howard,* 707 F.2d at 220). As such, the Court will deny Toshner's Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 94).

Davies's representations about her financial status, however, potentially suggest that paying the appellate filing fee would prevent her from providing herself and her dependents with the necessities of life, given that she represents that has been unemployed for over four months; has approximately $4,000 total in her bank accounts; and is only receiving $12,000 in child support as income. (Davies IFP Mot., Dkt. 97, at 3–4). *See Ryan*, 936 F. Supp. at 425 (S.D. Tex. 1996). But, having been persuaded by Allstate's arguments in opposition to her motion, (Resp. Davies Mots., Dkt. 101, at 6–7), the Court will deny Davies's motion without prejudice to refiling and, if she wishes to do so, require that if Davies resubmits her motion, it include a *sworn* affidavit concerning her financial status and evidence of the assertions she made in her original financial affidavit,[3] (Davies IFP Mot., Dkt. 97, at 3–5).

### B. Motions to Stay Enforcement of Judgment Pending Appeal

Pursuant to Federal Rule of Civil Procedure 62(b), Toshner and Davies each move for a stay of enforcement of this Court's final judgment entered February 2, 2026, pending resolution of their appeals to the Fifth Circuit Court of Appeals. (Toshner Mot. Stay, Dkt. 94; Davies Mot. Stay, Dkt 98). Toshner contends that he "cannot post a full supersedeas bond" and "will suffer irreparable harm absent a stay including wage garnishment, bank levies, and other collection actions." (Toshner

---

[3] To comply with the Court's instructions, Davies may file an affidavit signed and dated under penalty of perjury pursuant to 28 U.S.C. § 1746. Davies should also file evidence including, but not limited to, records from financial institutions to substantiate her claims about her financial status.

Mot. Stay, Dkt. 94, at 7). Toshner requests that the Court "stay enforcement of the judgment pending appeal and waive or reduce the supersedeas bond requirement." (*Id.*). Davies contends that she has "limited resources and is unable to post a full supersedeas bond" and requests that the Court "exercise its discretion to stay enforcement of the judgment without requiring a full bond, or in the alternative, to set a reduced bond or alternative security appropriate to Defendant's financial circumstances." (Davies Mot. Stay, Dkt. 98, at 1). Davies purports that "[a] stay is necessary to prevent irreparable harm, including wage garnishment, bank levies, and other collection actions that would occur before the Fifth Circuit has an opportunity to review the issues raised on appeal." (*Id.* at 2). Allstate responds that neither Toshner nor Davies have not met their burden for establishing entitlement to a stay of enforcement nor a reduced or waived supersedeas bond. (Resp. Toshner Mots., Dkt. 99, at 1; Resp. Davies Mots., Dkt. 101, at 1).

The supersedeas bond requirement is the baseline for entitlement to a stay under Rule 62(b); a court may only depart from the bond requirement in limited circumstances, and the moving party bears the burden of objectively demonstrating that such circumstances exist to justify a departure from the bond requirement. *See Poplar Grove*, 600 F.2d at 1191. The Fifth Circuit has recognized two situations which would merit an exception to the requirement that a judgment debtor post a full supersedeas bond:

> (1) Where "a judgment debtor objectively demonstrates a present financial ability to facilely respond to a money judgment and presents to the court a financially secure plan for maintaining that same degree of solvency during the period of an appeal;" or,
>
> (2) Where "the judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden" on the debtor, and where the court could "fashion some other arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor."

*Poplar Grove*, 600 F.2d at 1191.

5

The Court agrees finds that Toshner and Davies's motions do not demonstrate the extraordinary circumstances necessary to justify a departure from the supersedeas bond requirement. Toshner states only that he "cannot post a full supersedeas bond," (Toshner Mot. Stay, Dkt. 94, at 7), and presumably points to the financial affidavit he created to support his Motion to Proceed *in forma pauperis* on Appeal as evidence that he cannot post a $1.8 million bond, (Toshner IFP Mot., Dkt. 94, at 4–6). Toshner's assertions fit into the category of the "conclusory and self-serving evidence," which does not warrant the extraordinary circumstances necessary to waive the bond requirement. *Preston Wood & Assocs., LLC*, 2019 WL 2904297 at *2. And, Toshner has not "presented a proposal for modifying the typical bond requirement that provides adequate security to the judgment creditors in this case." *GIC Servs., LLC v. Freightplus (USA), Inc.*, No. CIV.A. 13-6781, 2015 WL 6605442, at *2 (E.D. La. Oct. 28, 2015). As such, Toshner has failed to meet his burden of demonstrating a basis for the Court to depart from the usual requirement to post a bond for the full amount of the judgment in this case.

Similarly, Davies states that she has "limited resources and is unable to post a full supersedeas bond," (Davies Mot. Stay, Dkt. 98, at 1), and presumably points to the financial affidavit she created to support her Motion to Proceed *in forma pauperis* on Appeal as evidence that she cannot post a $1.8 million bond, (Davies IFP Mot., Dkt. 97, at 3–5). While Davies has not yet but may be able to sufficiently demonstrate a current financial inability to pay the filing fee for her appeal upon supplementing her motion, Davies has definitively not presented to the court "a financially secure plan for maintaining that same degree of solvency during the period of an appeal" or a suggestion for an alternate "arrangement for substitute security through an appropriate restraint on the judgment debtor's financial dealings, which would furnish equal protection to the judgment creditor." *Poplar Grove*, 600 F.2d at 1191. Consequently, Davies's motion fails to meet the standard

the Fifth Circuit created to merit an exception to the requirement that a judgment debtor post a full supersedeas bond, and the Court will deny it without prejudice to refiling.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Toshner's Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 94), and Toshner's Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 94), are **DENIED**. **IT IS FURTHER ORDERED** that Davies's Motion to Stay Enforcement of Judgment Pending Appeal, (Dkt. 98), is **DENIED WITHOUT PREJUDICE TO REFILING**. **IT IS FINALLY ORDERED** that Davies's Motion to Proceed *in forma pauperis* on Appeal, (Dkt. 97), is **DENIED WITHOUT PREJUDICE TO REFILING** in accordance with the Court's instructions therein.

**SIGNED** on April 2, 2026.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE